**UNITED STATES of America**

v.

**Ricardo SALAZAR–MURILLO,**
**Defendant.**

**No. 05 CR 965–13(VM).**

United States District Court,
S.D. New York.

Oct. 6, 2009.

**398**

Daniel Lawrence Stein, U.S. Attorney's Office, New York, NY, for Plaintiff.

## DECISION AND ORDER

VICTOR MARRERO, District Judge.

On September 17, 2009, defendant Ricardo Salazar–Murillo ("Salazar–Murillo") filed a motion for an evidentiary hearing pursuant to *United States v. Fatico,* 579 F.2d 707 (2d Cir.1978), seeking the Court to determine the quantity of narcotics attributable to or reasonably foreseeable to him, in connection with his sentencing hearing, currently scheduled for October 9, 2009 at 4:00 p.m. Salazar–Murillo contends that at his guilty plea on May 13, 2009, he allocuted only to conspiracy to import heroin, and not cocaine, and that his sentence should not be based on the cocaine that was involved in the transaction underlying his guilty plea. The Government filed a memorandum in opposition to Salazar–Murillo's motion, dated September 22, 2009, arguing that Salazar–Murillo had been personally involved with a transaction involving both heroin and cocaine, and that knowledge of the cocaine should be imputed to him. The quantity of drugs involved in the underlying transaction is alleged by the Government to be approximately 25 kilograms of heroin and 43 kilograms of cocaine.

Having reviewed the parties' submissions, the applicable legal standards and the relevant case law, the Court finds that a *Fatico* hearing is not warranted.

With respect to Salazar–Murillo's contention that he did not plead to a conspiracy to import cocaine, his allocution to conspiracy to import one kilogram and more of heroin is sufficient to support his conviction under 21 U.S.C. § 963 for conspiracy to commit the offense described in 21 U.S.C. § 960(b)(1)(A), which proscribes the importation of "1 kilogram or more of a mixture or substance containing a detectable amount of heroin." The statutory term of imprisonment for an offense under 21 U.S.C. § 960(b)(1)(A) is "not less than 10 years and not more than life." 21 U.S.C. § 960(b)(1). It is of no import that Salazar–Murillo did not allocute to conspiracy to import five kilograms and more of cocaine, which is the offense described in 21 U.S.C. § 960(b)(1)(B). The sentence authorized by this subsection is the same as the sentence authorized for a violation of 21 U.S.C. § 960(b)(1)(A).

The Court may "find facts relevant to sentencing by a preponderance of the evidence without violating the Due Process Clause." *United States v. Vaughn,* 430 F.3d 518, 520 (2d Cir.2005). The Court may base its sentencing decision on its determination of the type and quantity of drugs involved in the offense, as long as the Court does not (1) act with the belief that the Sentencing Guidelines are mandatory; (2) impose a sentence that exceeds the statutory maximum authorized by the plea allocution; or (3) impose a mandatory minimum sentence not authorized by the plea allocution. *See Vaughn,* 430 F.3d at 527 (district court may rely on facts relevant to sentencing that it finds by a preponderance of the evidence, even if a jury has acquitted the defendant of that conduct). If the Court were to conclude that Salazar–Murillo is responsible for all of the cocaine allegedly involved in the transaction, the resulting Sentencing Guidelines recommendation would not be in conflict with the applicable mandatory minimum or maximum. Nor would such a conclusion lead the Court to impose a sentence outside of the applicable mandatory minimum or maximum. *See id.* The

Court may therefore make a determination regarding drug type and quantity by a preponderance of the evidence, even if the Court finds that Salazar–Murillo is responsible for the importation of controlled substances to which he did not specifically allocute.

Based on the parties' submissions and the factual information in the pre-sentence investigation report, the Court finds that it is able to make the factual determinations necessary for sentencing by a preponderance of the evidence without the assistance of a *Fatico* hearing. On the record, the Court has enough information to determine whether knowledge of the cocaine involved in the underlying transaction may be imputed to Salazar–Murillo or whether it was reasonably foreseeable to Salazar–Murillo that cocaine would be involved in the transaction. Accordingly, it is hereby

**ORDERED** that the motion (Docket No. 216) by defendant Ricardo Salazar–Murillo for a hearing pursuant to *United States v. Fatico*, 579 F.2d 707 (2d Cir. 1978), is DENIED.

**SO ORDERED.**